UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

BEN VENTURA,                                          Case No. 1:26-cv-01461

        Plaintiff,                                    Hon.  Paul L. Maloney
                                                      U.S. District Judge

    v.

FRAN VELLA-MARRONE, et al.,

        Defendants.

_____/

## REPORT AND RECOMMENDATION

### I.  Introduction

*Pro se* Plaintiff Ben Ventura filed this lawsuit against Defendants Fran Vella-Marrone, Brian Gotlieb, and Genine Edwards.  (ECF No. 1.)   Plaintiff's complaint alleges that "Defendants Gotlieb and Edwards frequently violated due process with support from Fran Vella-Marrone" *Id.*

Plaintiff was granted *in forma pauperis* status.  ECF No.  4.

### II.  Standard of Law

Under 28 U.S.C. § 1915(e)(2)(B), the court must dismiss any action brought *in forma pauperis* if the action is (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief.

A complaint may be dismissed for failure to state a claim if it fails "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355

1

U.S. 41, 47 (1957)).  While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions.  *Id.*  The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face."  *Id.* at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).  Although the plausibility standard is not equivalent to a "probability requirement, . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556).

In addition, the Court must read Plaintiff's *pro se* complaint indulgently, see *Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible.  *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

### III.    Analysis

This Court has original subject matter jurisdiction over actions that involve "federal questions" that arise under the Constitution, federal law, or treaties of the United States.  28 U.S.C. § 1331.  "As courts of limited jurisdiction, federal courts may exercise only those powers authorized by the Constitution and statute." *Fisher v. Peters*, 249 F.3d 433, 444 (6th Cir. 2001).  Federal courts have an on-going obligation to examine whether they have subject-matter jurisdiction over an action and may raise the issue *sua sponte.  Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010); *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506 (2006).

Here, Plaintiff has asserted that Defendants allegedly violated due process. However, Plaintiff has not asserted any allegations in his complaint that could show his rights were violated.  Conclusory allegations of unconstitutional conduct without specific factual allegations fail to state a claim for relief. *Iqbal*, 556 U.S. at 678–79; *Twombly*, 550 U.S. at 555.  Additionally, Plaintiff has failed to assert allegations establishing that this Court has jurisdiction over the Defendants.

## IV.    Recommendation

Accordingly, the undersigned respectfully recommends that the Court dismiss the complaint because Plaintiff has failed to properly plead jurisdiction and because it is frivolous and fails to state a claim upon which relief may be granted.

Dated:  May 21, 2026                               /s/ *Maarten Vermaat*
                                                             MAARTEN VERMAAT
                                                             U. S. MAGISTRATE JUDGE

NOTICE TO PARTIES:  Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt of this Report and Recommendation.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b).  Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985).